IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **RICHARD A. AYALA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00024-O-BP |
| § | |
| **ANDREW M. SAUL,** § | |
| **Commissioner of Social Security,** § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was automatically referred to the undersigned pursuant to Special Order No. 3 on March 11, 2019. ECF No. 5. Before the Court is Plaintiff's Unopposed Motion and Incorporated Brief for Attorney Fees Under the Equal Access to Justice Act filed on May 18, 2020. ECF No. 30. Noting that the Motion is unopposed, and for good cause shown, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 30).

The Court finds, pursuant to 28 U.S.C. § 2412(d)(2)(A) and the agreement of counsel, that the appropriate hourly rate at which to award fees in this case is $194.36 per hour for services performed in 2019 and 2020. The Court further finds that Plaintiff is entitled to attorney fees for compensation of 31.70 hours of service performed in 2019 and 5.50 hours of service performed in 2020.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff, Richard A. Ayala, in care of Martin W. Long, an attorney, P.O. Box 2333, Wylie, TX

75098, attorney fees under the Equal Access to Justice Act for 37.20 hours of service performed in 2019 and 2020 compensated at a rate of $194.36 per hour for a total of $7,230.19.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Signed** August 19, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE